## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HARRIS, | ) | CASE NO. 1:19-cv-2180 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| PENTAIR FLOW TECHNOLOGIES, LLC, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

In this employment discrimination action, defendant has moved to dismiss plaintiff's state law claims for age discrimination and intentional infliction of emotional distress. (Doc. No. 5 ["MTD"].) Plaintiff opposes the motion to dismiss (Doc. No. 10 ["Opp'n MTD"]) and has filed a motion to amend the complaint (Doc. No. 9 ["MTA"]). Defendant opposes the motion to amend (Doc. No. 12 ["Opp'n MTA"]) and has filed a reply in support of its motion to dismiss (Doc. No. 13 ["Reply MTD"]). Plaintiff has filed a reply in support of his motion to amend (Doc. No. 14 ["Reply MTA"]). For the reasons that follow, defendant's motion to dismiss is granted, and plaintiff's motion to amend is denied.

## I. BACKGROUND

All facts are taken from the complaint and are construed in a light most favorable to plaintiff James Harris ("Harris"). (*See* Doc. No. 1 ["Compl."].) Harris is a seventy (70) year old individual who is trained and experienced in operating heavy machinery, including forklifts. (Compl. ¶¶ 9, 11, 12.) Harris began working for defendant Pentair Flow Technologies, LLC

("Pentair") in June 2007. (*Id*. ¶ 11.) In June 2017, Harris bid for and was awarded the position of forklift operator with Pentair "due, in large part, to his seniority on the job." (*Id*. ¶¶ 11, 13.) He claims he received minimal training by Pentair regarding its policies and/or requirements for operating its forklifts. (*Id*. ¶ 13.)

Harris alleges that prior to and after assuming the position of forklift operator, he was questioned about his retirement plans. (*Id*. ¶ 14.) He also asserts that, shortly after he received the forklift operator position, he was subjected to improper discipline for "false reasons, for unduly critical and picky reasons and for reasons that other similarly situated employees were not disciplined and/or unduly criticized." (*Id*. ¶ 15.) For example, he claims he was disciplined for sleeping on the job when, in fact, he was not sleeping, and he was suspended for having the forks of his truck at an unsafe height "when such was not true." (*Id*. ¶ 16.) After his initial suspension, Harris was advised by a union representative that, if Pentair "gets rid of you, they will save a lot of money[.]" (*Id*. 17 (quotation marks omitted).)

On August 30, 2018, Pentair terminated Harris' employment. At the time of his discharge, Harris was informed by his supervisor and a human resources employee that his prior discipline and termination were "due to policy/procedure and safety violations." (*Id*. ¶ 18.) Harris also claims that, after he was advised of the termination, he was asked "are you ready to retire now?" (*Id*. ¶ 14.) It is Harris' belief that he was improperly disciplined, and ultimately terminated, due to his seniority and higher rate of pay. (*Id*. ¶ 22.)

Prior to filing the present action, Harris filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") alleging

age discrimination. (*Id.* ¶ 4.) On June 24, 2019, the EEOC issued a right-to-sue letter. (*Id.*; *see* Doc. No. 1 ["EEOC Letter"] at 9[1].)

On September 19, 2019, Harris filed suit against Pentair, raising two causes of action. Harris' first claim for relief asserts an age discrimination claim under 29 U.S.C. § 621 and Ohio Revised Code § 4112.02. (Compl. ¶¶ 24–33.) The second claim alleges intentional infliction of emotional distress under Ohio law. (*Id.* ¶¶ 35–37.) Harris seeks declaratory and injunctive relief, as well as an award of compensatory and punitive damages. (*Id.*, Prayer at 7–8.) He also requests that he be restored to his "rightful position of employment within" Pentair. (*Id.* at 8.)

On November 20, 2019, Pentair filed its motion to dismiss seeking dismissal of Harris' state law age discrimination claim on the ground that Harris elected his remedies under Ohio law when he filed a charge of discrimination with the EEOC and OCRC.[2] (MTD at 26.) It also requests dismissal of the state law intentional infliction of emotional distress claim for failure to state a cause of action. (*Id.* at 26–27.) In response to Pentair's motion, Harris filed a motion to amend the complaint for the sole purpose of identifying Ohio Rev. Code Chapter 4112 and Ohio Rev. Code § 4112.99 "as more specific bases under which [his] state law age discrimination claim is filed and pursued." (MTA at 51.) Pentair opposes the amendment as futile. (Opp'n MTA at 79.)

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] Pentair does not seek dismissal of Harris' federal age discrimination claim. (MTD at 26, n.2.)

## II. STANDARDS OF REVIEW

### A.    Motion to Dismiss

Pentair brings its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the nonmoving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 874–75 (W.D. Mich. 2014) ("court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint[]"); *see also Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) ("if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document[]").

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In deciding a motion to dismiss under Rule 12(b)(6), the Court generally may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56. As the Sixth Circuit has held, however, there are a number of exceptions to this rule. Indeed, it is well settled that, in ruling on a Rule 12 dispositive motion, a district court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss) (citations omitted).

### B.  Motion to Amend

Rule 15 governs Harris' motion to amend. It provides, in relevant part, that the Court should "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, denying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility or amendment, etc.'" *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Courts should liberally grant leave requests in the absence of these factors. *Foman*, 371 U.S. at 182.

### III. DISCUSSION

#### A.    State Age Claim - Election of Remedies

The Ohio Revised Code provides four possible avenues through which an employee can pursue redress for age discrimination. First, Ohio Rev. Code § 4112.02—the provision Harris originally identified in his complaint—prohibits employers from discharging employees without just cause based on "race, color, religion, sex, military status, national origin, disability, age, or ancestry[.]" Ohio Rev. Code § 4112.02(A). Employees may enforce their rights under § 4112.02(A) by filing a civil action under § 4112.02(L)[3]. Second, Ohio Rev. Code § 4112.14(A) prohibits the "discharge without cause [of] any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee." Ohio Rev. Code § 4112.14(A). Rights guaranteed under § 4112.14(A) may be enforced through a civil action under § 4112.14(B). Third, Ohio Rev. Code § 4112.05(B)(1) provides an avenue for employees to enforce their rights by filing a charge with the OCRC alleging that their employer engaged in an unlawful discriminatory practice. Fourth, the last possible avenue for victims of age

---

[3] In the former version of Ohio Rev. Code § 4112.02, effective September 29, 2013 to April 7, 2017, the civil remedy for redressing violations of § 4112.02(A) was located at § 4112.02(N).

discrimination is a civil lawsuit brought under Ohio Rev. Code § 4112.99, "a general 'gap-filling' provision," which states in full that "whoever violates [Chapter 4112] is subject to a civil action for damages, injunctive relief, or any other appropriate relief." Ohio Rev. Code § 4112.99; *Conrad v. U.S. Bank Nat'l Ass'n*, 391 F. Supp. 3d 780, 788 (S.D. Ohio 2019) (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 514 (6th Cir. 2001)).

"Each of the first three statutory remedies is expressly exclusive—the choice of one remedy precludes recourse to any of the other three remedies." *See Talbott v. Anthem Blue Cross & Blue Shield*, 147 F. Supp. 2d 860, 861 (S.D. Ohio 2001) (citing Ohio Rev. Code §§ 4112.14(B), 4112.02(N) (former) and 4112.18. By the plain language of § 4112.08, "an employee who files a charge with the OCRC 'with respect to the unlawful discriminatory practices complained of [] is barred from instituting a civil action under § 4112.14 or [(former)] division (N) of section 4112.02 of the Revised Code.'" *See Senter v. Hillside Acres Nursing Ctr. of Willard, Inc.*, 335 F. Supp. 2d 836, 849 (N.D. Ohio 2004) (quoting Ohio Rev. Code § 4112.08); *see also Rozek v. Ampro Computers, Inc.*, 37 F. Supp. 3d 918, 922 (N.D. Ohio 2014) (noting that "Sections 4112.02(N) [(former)] and 4112.14(B) contain explicit election-of-remedies clauses, barring a person who sues under either statute from also filing an administrative charge"). Harris does not seriously dispute that, as original pled under § 4112.02, his state law age discrimination claim was barred by his decision to file a charge of discrimination with the EEOC and the OCRC.

But the fourth remedy under Ohio law—an action under § 4112.99—is not expressly foreclosed by the election of remedies language in Chapter 4112. Harris argues that the amendment of his pleading to include a claim for relief under § 4112.99 rescues his state law age

claim from dismissal at the pleadings stage. (Opp'n MTD at 65–68.) Pentair disagrees, positing that "despite [Harris'] attempt to bolster his [c]omplaint with the addition of [Ohio Rev. Code] § 4112.99, Ohio and federal courts are equally clear that the election of remedies scheme applies to age discrimination claims brought under [] § 4112.99." (Reply MTD at 84, collecting cases.) The Court must, therefore, determine whether Harris' state age discrimination claim under § 4112.99 is barred by the election of remedies doctrine.

The Court does not write on a clean slate. Harris is correct that there is a split in authority as to whether the election of remedies doctrine applies to actions brought under § 4112.99. *Compare Hillery v. Fifth Third Bank*, No. 2:08-CV-1045, 2009 WL 1322304, at *5 (S.D. Ohio May 11, 2009) (holding, "age discrimination claims brought pursuant to § 4112.99 are subject to Chapter 4112's elections of remedies scheme"); *Talbott*, 147 F. Supp. 2d at 863 (concluding that "causes of action for age discrimination, brought under [Ohio Rev. Code] § 4112.99 and based on violations of Chapter 4112, are subject to the election of remedies provisions contained in the other more specific sections of Chapter 4112 that establish causes of action for age discrimination"); *Balent v. Nat'l Revenue Corp.*, 638 N.E.2d 1064, 1067 (Ohio App. Ct. 1994) (holding that election of remedies language in Chapter 4112 applies to § 4112.99); with *Pater v. Health Care & Retirement Corp.*, 808 F. Supp. 573, 576 (S.D. Ohio 1992)[4] ("we conclude that the Ohio legislature did not intend for section 4112.99 to be [] exclusive. The election-of-remedies requirement applicable to the mutually exclusive sections 4101.17, 4112.02, 4112.05 and 4112.08 . . . does not apply to section 4112.99"); *see also Sterry v. Safe Auto Ins. Co.*, No.

---

[4] There is some question as to whether *Pater* has been impliedly overruled. *See Talbott*, 147 F. Supp. 2d at 864 (citing *Bellian v. Bicron Corp.*, 634 N.E.2d 608 (Ohio 1992)). For purposes of resolving the present motion to dismiss, the Court will presume that the decision in *Pater* remains viable.

C2-02-1271, 2003 WL 23412974, at *13 (S.D. Ohio Aug. 25, 2003) (declining to apply the election of remedies doctrine to plaintiff's claim brought under § 4112.99).

"The general consensus of Ohio appellate courts is that the election of remedies scheme for age discrimination claims in Ohio applies to claims brought under Ohio Rev. Code § 4112.99." *Senter*, 335 F. Supp. 2d at 849. But the Ohio Supreme Court has yet to squarely address the issue. Normally, when a federal court construes a state assembly's legislative intent, it applies the law of that state "in accordance with the then controlling decision of the highest state court." *United States v. Anderson Cty.*, 761 F.2d 1169, 1173 (6th Cir. 1985) (quotation marks and citation omitted). "If the highest court has not spoken, the federal court must ascertain from all available data what the state law is and apply it." *Northland Ins. Co. v. Guardsman Prods., Inc.*, 141 F.3d 612, 617 (6th Cir. 1998) (quotation marks and citation omitted); *Grantham & Mann, Inc. v. Am. Safety Prods., Inc.*, 831 F.2d 596, 608 (6th Cir. 1987) (When considering how the state's highest court would rule, federal courts look to relevant decisions of the highest court, lower state court opinions, and law review analysis). "Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of a state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989).

The Court begins with three prior Ohio Supreme Court decisions it finds to be especially instructive on the subject. In *Elek v. Huntington Nat'l Bank*, 573 N.E.2d 1056 (Ohio 1991), the Ohio Supreme Court made two important holdings relative to § 4112.99. First, rejecting the argument that § 4112.99 merely "recapitulates the specific civil remedies available" in Chapter 4112, the court held that § 4112.99 created an independent cause of action by which employees

could address violations of Chapter 4112. *Id*. at Syllabus. The court explained that "[h]ad the General Assembly meant to limit the availability of the civil action remedy to those instances in [Chapter 4112] where it was already provided, it would have identified the sections to which [Ohio Rev. Code §] 4112.99 applied. . . . Instead its language applies to any form of discrimination addressed by [] Chapter 4112." *Id*. at 1058. Second, the court in *Elek* further acknowledged that, according to the rules of statutory construction, there would be instances where the general language of § 4112.99 would have to give way to other more specific provisions in Chapter 4112. *Id*.

The Ohio Supreme Court expounded on this principle of statutory construction in *Bellian v. Bicron Corp.*, 634 N.E.2d 608 (Ohio 1994). There, the court was confronted with the issue of whether an age discrimination claim brought under § 4112.99 (which does not contain an express statute of limitations) was barred because the plaintiff did not file the claim within the 180-day-statute of limitations period set forth in Ohio Rev. Code § 4112.02(N) (former). The plaintiff argued that, because § 4112.99 provides for a cause of action separate and apart from § 4112.02(N) (former), claims brought under § 4112.99 should be subject to the six-year statute of limitations set forth in Ohio Rev. Code § 2305.07. *Bellian*, 634 N.E.2d at 610. Applying the "specific over general" rule of statutory construction, the court rejected the plaintiff's position and held that the specific language of § 4112.02(N) (former) controlled over the general language of § 4112.99 and that the plaintiff's claims were time barred. *Id*.

Ohio appellate courts have applied this rule of statutory construction to reach the conclusion that the election of remedies requirements of Chapter 4112 apply to claims brought under § 4112.99. *See Balent*, 638 N.E.2d at 1066 (collecting appellate cases). In *Balent*, the court

relied on the decision in *Pozzobon v. Parts for Plastics, Inc.*, 770 F. Supp. 376 (N.D. Ohio 1991), in which another judge of this court concluded that the language in § 4112.08 stating that "nothing contained in sections 4112.01, 4112.08 and 4112.99 of the [Ohio] Revised Code shall be deemed to repeal any of the provisions of the law of this state relating to discrimination . . ." "must be understood to prevent the 1987 amendment to [Ohio Rev. Code §] 4112.99 from altering the scheme of election of remedies set forth in the various statutory provisions addressing age discrimination. The court in *Pozzobon* did not 'deem it reasonable to conclude that the single, broadly worded sentence contained in § 4112.99 could possibly have been intended to eradicate the detailed legislative scheme . . . in existence in the Ohio Revised Code.'" *Id.* at 1066 (quoting *Pozzoban*, 770 F. Supp. at 379). Applying the reasoning in *Pozzobon*, the court in *Balent* expressed its belief that:

> the carefully constructed requirements of election of remedy set forth, in some detail, in [Ohio Rev. Code §§] 4101.17 and 4112.02(N), and reiterated in [] § 4112.08, can only be taken to express the legislature's unambiguous intention to require an election of a single administrative or statutory remedy when bringing a claim for age discrimination.

*Balent*, 638 N.E.2d at 1067.[5]

One final Ohio Supreme Court case bears mention. In *Meyer v. United Parcel Serv., Inc.*, 909 N.E.2d 106 (Ohio 2009), an individual filed suit under § 4112.99, alleging age

---

[5] Harris relies primarily upon the appellate court decision in *Pater* to support his position. Relying on the fact that § 4112.99 created a new and independent cause of action for age discrimination, the court in *Pater* determined that § 4112.99 was not subject to election of remedies, concluding that "[t]he Ohio legislature, which undoubtedly went to great pains in drafting this state's anti-discrimination statutes, could have either amended sections 4112.02(N) [(former)], 4101.17 and 4112.08 to include such references to section 4112.99 when it adopted this new section, or could have incorporated the same or similar language of exclusivity and election in section 4112.99 itself." *Pater*, 808 F. Supp. at 577. In finding the position advanced in *Pozzobaon* more persuasive, the court in *Balent* rejected the analysis in *Pater*, noting that while § "4112.99 fails to explicitly perpetuate the scheme set up by prior statutes addressing age discrimination, it is equally lacking in explicit intent to repeal the previously established statutory scheme." *Balent*, 638 N.E.2d at 1067.

discrimination, after his employer discharged him. The employer argued that the action was barred by the language of § 4112.14(C), which precludes the filing of an age discrimination action if the person "has available to [him] the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause." Ohio Rev. Code § 4112.14(C). The employee insisted that he was not constrained by § 4112.14(C) because he brought his action under § 4112.99. The Ohio Supreme Court sided with the employer. Recognizing that § 4112.99 was a "gap-filling" provision, and underscoring the fact that age discrimination claims are specifically addressed in Chapter 4112, the Ohio Supreme Court concluded that claims brought exclusively under § 4112.99 were still "governed by the specific statutory directives in [] Chapter 4112" that address age discrimination. *Id*. at 115.

The above cited cases reflect the unmistakable position that, while § 4112.99 creates an independent cause of action, this general "gap-filling" provision did not displace the detailed statutory scheme for age discrimination claims laid out in Chapter 4112. Whenever confronted with the question of whether a specific limiting requirement of Chapter 4112 applies to age discrimination claims brought under § 4112.99, the Ohio Supreme Court has consistently held that it does. Accordingly, the Court concludes that the Ohio Supreme Court would hold that the election of remedies requirements in Chapter 4112 bar Harris from bringing an age discrimination claim under § 4112.99. *See, e.g., Rozek*, 37 F. Supp. 3d at 925–26 (relying, in part, on *Meyer* to conclude that election of remedies requirements in § 4112.08 apply to age discrimination claims under § 4112.99); *Talbott*, 147 F. Supp. 2d at 862–63 (relying on *Elek* and *Bellian* to find that age discrimination claims, brought under Ohio Rev. Code § 4112.99 and based on Chapter 4112, are subject to the election of remedies provisions contained in the other

more specific provisions of Chapter 4112). Harris' state law age discrimination claim is, therefore, dismissed with prejudice.[6] Further, because Harris' proposed amended complaint does not withstand scrutiny under Fed. R. Civ. P. 12(b)(6), Harris' motion to amend is denied as futile.

### B.      Intentional Infliction of Emotional Distress

The second claim for relief in the complaint purports to raise a cause of action for intentional infliction of emotional distress ("IIED"). To prevail on such a claim under Ohio law, a plaintiff must prove: (1) the defendant intended to cause serious emotional distress, (2) the conduct of the defendant was extreme and outrageous, and (3) the conduct of the defendant was the proximate cause of the plaintiff's serious emotional distress. *Phung v. Waste Mgmt., Inc.*, 644 N.E.2d 286, 289 (Ohio 1994); *see Yeager v. Local Union 20*, 453 N.E.2d 666, 671 (Ohio 1983) ("One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability[.]") (quoting Restatement (Second) of Torts § 46(g) (1965)).

"[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Stewart v. Suarez Corp. Indus.*, No. 5:15CV1425, 2015 WL 8272951, at *2 (N.D. Ohio Dec. 8, 2015) (quoting *Baab v. AMR Servs. Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993)); *see Simpkins v. Specialty Envelope, Inc.*, 94 F.3d 645 (Table), 1996 WL 452858, at *8 (6th Cir. Aug. 9, 1996) (recognizing that "[i]t is very difficult to show that one has been subjected to the tort of the intentional infliction of emotional distress"). "It has

---

[6] Without support, Harris argues that, if the Court is inclined to dismiss his state law age discrimination claim, it should do so without prejudice. (*See* Opp'n MTD at 63, 74.) Given that the Court has concluded that Harris' prior election of remedies has foreclosed such a claim as a matter of law—regardless of how such a claim is pled or in what forum it is raised—the Court finds no basis for a dismissal without prejudice.

not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Flagg v. Staples the Office Superstore E., Inc.*, 138 F. Supp. 3d 908, 920 (N.D. Ohio 2015) (quoting *Yeager*, 453 N.E.2d at 671). "Only conduct that is truly outrageous, intolerable, and beyond the bounds of decency is actionable; persons are expected to be hardened to a considerable degree of inconsiderate, annoying, and insulting behavior." *Stewart*, 2015 WL 8272951, at *2 (quoting *Petrarca v. Phar-Mor. Inc.*, No. 2000-T-0121, 2001 WL 1117015 (Ohio Ct. App. Sept. 21, 2001) (further citation omitted)).

"Ohio places a particularly high bar on 'extreme and outrageous' conduct in the employer-employee relationship." *Culler v. Exal Corp.*, 193 F. Supp. 3d 850, 852 (N.D. Ohio 2015) (citing *Jackson v. City of Columbus*, 194 F.3d 734, 744 (6th Cir. 1999) and *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1102 (6th Cir. 2008)). This high bar precludes employees from bringing claims related to their termination, even if based upon discrimination, without proof of something more. *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) (noting that to hold otherwise would turn "every discrimination claim [into] a cause of action for the intentional infliction of emotional distress").

Harris posits that "[i]t cannot be maintained that the intentional refusal to train [p]laintiff concerning its policies and requirements after he received the forklift position, primarily due to his seniority, and then disciplining and terminating him for his alleged failure to follow its policies and requirements is not extreme and outrageous conduct." (Opp'n MTD at 71–72.) But Harris cannot sustain an IIED claim by merely alleging that the facts underlying his age

14

discrimination claims were done intentionally. *See Flagg*, 138 F. Supp. 3d at 920. Further, courts have consistently found similar conduct—even if done intentionally or maliciously—to fall short of establishing the intentional infliction of emotional distress under Ohio law. *See, e.g., Rossi v. Alcoa, Inc.*, 129 F. App'x 154, 159 (6th Cir. 2005) (evidence that employee was treated by his supervisor "harshly, rudely, and unfairly" was insufficient to sustain IIED claim); *Stewart*, 2015 WL 8272951, at *4–5 (dismissing IIED claim where the defendant made statements about the plaintiff's "readying to retire" where the plaintiff was not ready to retire); *Jenkins v. Echelon Consulting, LLC*, No. 1:15-cv-00109, 2015 WL 6898551, at *2 (S.D. Ohio Nov. 6, 2015) (van driver who was subjected to age-related name calling did not set forth IIED claim under Ohio law); *Wolfe v. Thermo Fischer Sci., Inc*., No. 2:08-cv-933, 2009 WL 1244023, at *2–3 (S.D. Ohio May 4, 2009) (holding an employer's sexually charged remarks, false charge of sexual harassment, and false imprisonment did not constitute sufficiently extreme or outrageous conduct); *Griswold v. Fresenius USA, Inc*., 978 F. Supp. 718, 734 (N.D. Ohio 1997) (ridicule and use of foul language by supervisor, as well as false discipline by supervisor, did not rise to the level of the intentional infliction of emotional distress).[7]

Additionally, Harris' complaint and proposed amended complaint lack any allegation that he suffered a severe and debilitating emotional injury. *See Rozek*, 37 F. Supp. 3d at 928 (N.D. Ohio 2014) (holding, "there are no specific allegations in the complaint supporting a plausible inference that Rozek incurred an 'emotional injury which is both severe and debilitating'")

---

[7] Again, Harris relies on *Pater*. In *Pater*, an employee claimed that, upon returning from forced medical leave, she discovered her office stripped, her belongings placed in a box, and her replacement's name on her office door. She was also warned not to resist her employer's efforts to terminate her. *Pater, supra* at 579. In contrast to *Pater*, Harris was notified both of his termination and the reason for it. Further, Harris does not allege that he was threatened or was otherwise discouraged from challenging his termination. *See, e.g., Bratton v. Lima Commc'ns Corp*., No. 3:03CV7752, 2004 WL 1618834, at *3 (N.D. Ohio July 16, 2004 ) (distinguishing *Pater* on similar grounds).

(quoting *Foster v. McDevitt*, 511 N.E.2d 403, 407 (Ohio Ct. App. 1986) (further quotation marks and citation omitted)). The complaint provides simply that Harris has "suffered mental anguish and depression" as a result of Pentair's alleged unlawful actions. (Compl. ¶ 36.)Such a conclusory allegation is insufficient to support the existence of a severe and debilitating emotional injury, and Harris' IIED claim is subject to dismissal for this additional reason. *See, e.g., Day v. Nat'l Elec. Contractors Ass'n*, 82 F. Supp. 3d 704, 710 (S.D. Ohio 2014) (plaintiff's conclusory allegation of "mental anguish" was insufficient to set forth a severe and debilitating injury).

## IV. CONCLUSION

For the foregoing reasons, Pentair's motion to dismiss Harris' state law claims for age discrimination and intentional infliction of emotional distress is granted.

**IT IS SO ORDERED**.

Dated: May 20, 2020

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**